RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 12-08-06
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARLOS REYES-SALAZAR<br>Fed. Reg. No. 20777424<br>VS.<br><br>FREDRICK MENIFEE<br>WARDEN | CIVIL ACTION NO. 06-1484<br><br>SECTION P<br><br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on August 29, 2006 by *pro se* petitioner Carlos Reyes-Salazar. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock (USPP), Louisiana where he is serving the 77 month sentence imposed in November 2002 following his August 2002 guilty plea and conviction for illegal re-entry [8 U.S.C. §1326(a) and (b)(2)] in the United States District Court for the Northern District of Illinois. See <u>United States of America v. Carlos Reyes-Salazar</u>, No. 1:02-cr-00339.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

On June 20, 2000, petitioner was released by the Illinois

Department of Corrections into the custody of the United States Immigration and Naturalization Service (INS) for deportation proceedings. On July 21, 2000 petitioner was removed to Mexico, however, on July 31, 2000 he illegally re-entered this country. [doc. 1-4, p. 3]

On January 8, 2001 he was arrested by Illinois authorities and charged with possession of cannabis and aggravated battery on a police officer. On January 9, 2001, the United States INS issued an Immigration Detainer which directed Illinois authorities to detain petitioner for deportation. On April 10, 2001 he was convicted of both offenses in an Illinois court and sentenced to serve 3 years and forty-two months in the custody of the Illinois Department of Corrections. [doc. 1-4, p. 3] The Illinois judge was advised of the INS hold and when petitioner requested the imposition of a concurrent sentence, the Judge responded, "No, I mean, some one wants me to recommend, I'll recommend, but I can't require INS to do anything." [doc. 1-4, p. 17]

On April 8, 2002 petitioner was paroled to the custody of the INS for deportation. On April 10, 2002 the United States charged petitioner with illegal re-entry in violation of the provisions of 8 U.S.C. §1326 in the United States District Court for the Northern District of Illinois in the matter entitled United States of America v. Carlos Reyes-Salazar, No. 1:02-cr-

00339. On August 20, 2002 he plead guilty to that offense and on November 26, 2002 he was sentenced to serve 77 months in custody. [doc. 1-4, p. 3]

On November 14, 2003 petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 in the United States District Court for the Northern District of Illinois. See <u>United States of America v. Carolos Reyes-Salazar</u>, No. 1:03-cv-08185. Petitioner argued that his trial counsel failed to properly argue for a departure from the sentencing guidelines based upon the Illinois sentence that he served prior to being taken into federal custody. That matter is still pending.

On March 21, 2005 petitioner submitted an Informal Resolution Attempt (BP-8) to his Correctional Counselor at USPP. Petitioner argued, "I should have jail credit from January 8, 2001 through November 26, 2002 because I had a INS detainer." On April 11, 2005 petitioner's Correctional Counselor and Unit Manager denied his grievance and noted, "You were released from Illinois Department of Corrections to INS on April 8, 2002. Jail credit adjusted on December 22, 2003. Therefore it is determined you received all applicable jail credit." [doc. 1-4, p. 1]

On April 18, 2005 petitioner submitted a Request for Administrative Remedy (BP-9) to the Warden of USPP. [doc. 1-4, p. 2] On April 28, 2005, the Warden responded,

> Pursuant to 18 U.S.C. §3585(b), a defendant is not given credit for time spent in official detention prior

to the date the sentence commences, if he has received credit for that time against another sentence. In your case, you received credit by the State of Illinois from January 21, 2001 through April 8, 2002. It was discovered you were arrested on December 22, 2000, and released on that same day. This day was not credited to any sentence, so it was applied to your federal sentence. Your additional federal pre-sentence jail credit began the day after you completed your state sentence (April 9, 2002, through November 25, 2002). You are not entitled to any additional prior custody credit. [doc. 1-4, pp. 3-4]

On May 11, 2005 he appealed to the Regional Administrator seeking credit for the time he was in Illinois custody from January 9, 2001 - November 26, 2002. [doc. 1-4, p. 5] On July 13, 2005 the Regional Administrator denied his grievance and explained,

> As outlined in Program Statement 5880.28, Title 18 U.S.C. §3585(b) is the statute authorizing the award of presentence credit. This statute authorizes credit for time spent in official detention prior to the imposition of a sentence that has not been credited against another sentence. To award credit that was applied to your state sentence would be contrary to the intent of this statute. Contact with the Illinois Department of Corrections has confirmed you received credit on your state sentence from the date of your arrest on January 8, 2001, through April 8, 2002, the date you paroled.
>
> Your 77-month federal sentence commenced on November 26, 2002, the date of imposition, and you have received presentence credit from April 9, 2002, the day after your state sentence expired, through November 25, 2002, the day before your federal sentence was imposed. You have received all applicable credit; therefore your appeal is denied. [doc. 1-4, p. 6]

On July 28, 2005 petitioner appealed to the BOP's Central Office. [doc. 1-4, p. 8] On August 29, 2005 his appeal was

denied. [doc. 1-4, p. 9]

On March 5, 2006 petitioner initiated a second series of administrative remedies grievances concerning the calculation of his sentence. Petitioner requested pre-sentence custody credit against his federal sentence from the date the federal government notified Illinois of its detainer. On March 21, 2006 the grievance was denied. [doc. 1-4, p. 13]

On April 25, 2006 he filed a second grievance with the Warden of USPP in which he claimed,

> Immediately after inmate's arrest by the State of Illinois, INS lodged a detainer on inmate and the U.S. Attorney's Office notified of said violation [illegal re-entry]. The State of Illinois convicted and sentenced inmate to 3 ½ years to be served at IDC. The State Court agreed to run said sentence concurrent with any federal sentence imposed for illegal reentry. Not until the IDC sentence was completed, the USA initiated the criminal charge proceedings... [doc. 1-4, p. 27]

On May 11, 2006 this grievance was denied by Warden Menifee because it was determined to be identical to petitioner's earlier grievance. [doc. 1-4, p. 28] Petitioner did not appeal the Warden's denial of his second grievance to the Regional or National BOP offices.

On August 29, 2006 petitioner filed his federal *habeas corpus* petition. Petitioner asks this court to award pre-sentence credit against his federal sentence for the time served in Illinois custody since the date of his arrest, January 8, 2001. [doc. 1-3, p. 5]

## Law and Analysis

The Fifth Circuit has established that "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir.2000) (citations omitted). Additionally, "[t]o the extent that [petitioner] seeks credit for time served prior to the date of his federal sentence, ostensibly under 18 U.S.C. § 3568, ... it must be advanced in a petition for *habeas corpus* under 28 U.S.C. § 2241." United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir.1988) (citing United States v. Brown, 753 F.2d 455 (5th Cir.1985) (*per curiam*)).

In order to prevail, a *habeas* petitioner must show that his liberty is being restrained in violation of the constitution, treaties, or statutes of the United States. United States v. Hayman, 342 U.S. 205, 211-12 (1952). "*Habeas* relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir.2000) (*per curiam*) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (*per curiam*)).

Petitioner disputes the BOP's calculation or computation of his sentence. There are generally two issues related to the computation of federal sentences: (1) when does the federal sentence commence; and (2) is the prisoner entitled to credit for time served prior to the commencement of the federal sentence. Often, as in the present case, these issues are intertwined.

The Attorney General is responsible for incarcerating federal inmates, and this responsibility is administratively performed by the BOP.

A prisoner must first seek administrative review of the BOP's sentence computation determinations. 28 C.F.R. §542.10 - 542.19. Once an inmate has exhausted his administrative remedies, then he may seek judicial review of the BOP's determination. United States v. Wilson, 503 U.S. 329, 335 (1992). Petitioner fully exhausted available administrative remedies prior to filing his federal petition. While he contests the BOP's legal conclusions, at no point in this process (including the present) did he contest the factual findings made by the BOP. The relevant facts are these:

1. On January 8, 2001 petitioner was arrested by Illinois authorities and charged with drug possession and battery on a police officer. On January 9, 2001, the United States INS issued an Immigration Detainer which directed Illinois authorities to detain petitioner for deportation. [doc. 1-4, p. 14]

2. On April 10, 2001 petitioner was convicted and sentenced to serve sentences of 3 years and 42 months in the custody of the Illinois Department of Corrections. As shown above, the Illinois judge "recommended" that the state sentence run concurrent with the pending federal charges, but candidly advised petitioner that he was powerless to require such a disposition.

3. On April 8, 2002 petitioner was paroled and taken into INS custody. On April 10, 2002 he was charged with illegal re-entry into the United States.

4. On August 20, 2002 he was convicted of that offense in the United States District Court and on November 26, 2002, he was sentenced to serve 77 months in custody. The federal judge apparently did not accept the Illinois Judge's recommendation because the federal sentence was not ordered to be served concurrently with the Illinois sentence.

5. The BOP, in calculating petitioner's federal sentence, determined that he was eligible for pre-sentence credit which began "... the day after [petitioner] completed [his] state sentence (April 9, 2002, through November 25, 2002)." [doc. 1-4, pp. 3-4]

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. §3585. United States v. Wilson, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides:

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Notwithstanding the clear limitation imposed under § 3585(b), pursuant to Willis v. United States, 438 F.2d 923, 925 (5th Cir.1971), Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir.1993) in certain instances, and, where a defendant's state and federal sentences have been specifically ordered to be served concurrently, time spent in pre-sentence state custody attributable to the federal offense may be credited toward time served on a federal sentence even if the defendant was given credit on his state sentence for that period of time. See Chaplin v. United States, 451. F.2d 179, 181 (5th Cir.1971); Radcliffe v. Clark, 451 F.2d 250, 252 (5th Cir.1971); Willis, 438 F.2d at 925.

However, the Willis/Barden/Kayfez rationale does not apply

to petitioner's case for the simple reason that his sentences were not ordered to be served concurrently. Of course, petitioner argues that the Illinois judge ordered concurrent sentences, but the transcript of sentencing he has supplied refutes that allegation.

Since the sentences herein were not ordered to be served concurrently, the provisions of 18 U.S.C. §3585 should be applied as written. The time that petitioner seeks credit for has already been credited toward his Illinois sentence.

In other words, the BOP is correct in its assertion that petitioner has received all credit toward his federal sentence to which he is entitled. The BOP's calculation of petitioner's sentence comports with federal law and regulations.

Since petitioner has not shown that he is being restrained in violation of the constitution, treaties, or statutes of the United States,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* (28 U.S.C. §2241) be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10)

days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE